IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIIEL ERIC SALLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 21-cv-6246 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se petitioner Daniel Eric Salley filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court dismisses Salley's § 2255 motion as untimely and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2255(f).[1]

**Background**

On March 21, 2002, a federal grand jury returned a fifteen-count superseding indictment charging Salley with multiple counts of attempted murder, bank robbery, and weapons offenses. Salley entered not guilty pleas as to all counts. Shortly thereafter, the government filed a motion for Salley to have psychological and psychiatric evaluations and the district court held a competency hearing on October 31, 2002. The district court entered a finding on January 31, 2003 that Salley was suffering from a mental disease or defect and could not assist in his trial. Salley was committed to the custody of the Attorney General for treatment.

On July 13, 2003, the Warden of the Federal Medical Center in Butner, North Carolina issued a certificate of restoration of competency to stand trial. Thereafter, the district court ruled

---

[1] The Executive Committee for the Northern District of Illinois reassigned petitioner's criminal case, 01-cr-0750-1, to this Court on January 6, 2021. Retired Judge Wayne R. Anderson and Judge Joan Humphrey Lefkow presided over petitioner's criminal proceedings.

Salley was competent to stand trial on January 14, 2004. The Executive Committee for the Northern District of Illinois then reassigned this matter to Retired Judge Wayne R. Anderson, who granted Salley's motion to represent himself with appointed standby counsel on May 25, 2005. A jury returned a guilty verdict on all fifteen counts of the superseding indictment on October 25, 2005. On February 9, 2006, the court sentenced Sally to 132 years in prison to run consecutively to a term of life imprisonment, a term of supervised release, and ordered restitution in the amount of $3,493,182.30.

Sally did not appeal his conviction or sentence. The present § 2255 motion was signed on September 29, 2021 and docketed on November 22, 2021. In his § 2255 motion, Sally brings a Fifth Amendment double jeopardy claim and a claim based on the debt he owes as a result of his criminal judgment – an argument the Court has already addressed in his criminal mater, 01-cr-0750-1.

**Discussion**

*Statute of Limitations – 28 U.S.C. § 2255(f)*

The government moves to dismiss Sally's motion as untimely. A federal prisoner has one year from the date on which his judgment became final to file a motion under 28 U.S.C. § 2255. *Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Ademiju v. United States,* 999 F.3d 474, 477 (7th Cir. 2021); 28 U.S.C. § 2255(f)(1). Normally, a judgment is "final" for purposes of § 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *Clay,* 537 U.S. at 527. Sally, however, did not file an appeal to the Seventh Circuit, therefore, his conviction became final on February 23, 2006, which is the date that his notice of appeal to the Seventh Circuit was due. *Clarke v. United States,* 703 F.3d 1098, 1100 (7th Cir. 2013). Under these circumstances, Sally had until February 2007 to file a timely § 2255 motion, which he failed to do. *See* 28 U.S.C. § 2255(f)(1). In fact, Sally admits that

this petition is "an out-of-time motion." The Court thus turns to whether statutory or equitable tolling apply.

*Statutory Tolling*

The statutory tolling provisions under § 2255(f), include: (1) a state-created impediment that prevented petitioner from filing a timely § 2255 motion; (2) a newly-recognized constitutional right made retroactive by the Supreme Court; or (3) a newly-discovered factual predicate that petitioner could not have discovered earlier with due diligence. *See* 28 U.S.C. § 2255(f)(2)-(4); *cf. Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017). Construing Sally's pro se filings liberally, *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), he does not argue that there is a newly recognized constitutional right or newly-discovered facts that would provide a basis for statutory tolling in this matter.

Examining the state-created impediment provision, Sally does argue that the Bureau of Prisons confiscated his legal materials and his criminal court dockets at some point in 2013 or 2017. However, he does not explain why this conduct prevented him from filing a timely § 2255 motion by February 2007. Moreover, it is unclear if the confiscated legal materials concern Salley's 2005 criminal conviction, his Federal Tort Claims Act lawsuit brought in the Northern District of West Virginia, or his 28 U.S.C. § 2241 actions in the District of Colorado, District of Arizona, and Middle District of Florida. As such, Salley has not established the confiscation of his legal materials and criminal dockets that occurred at least six years after the deadline to file his § 2255 motion prevented him from filing a timely § 2255 motion.

*Equitable Tolling*

The one-year limitations period is also subject to equitable tolling, which federal courts grant only if extraordinary circumstances beyond the petitioner's control prevented him from the timely filing of his § 2555 motion. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available

if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 ; *Moreland v. Eplett*, 18 F.4th 261, 270 (7th Cir. 2021). In short, equitable tolling is an extraordinary remedy and is rarely granted. *Ademiju,* 999 F.3d at 477.

Under this standard, Salley's lack of familiarity with the law or lack of legal training does not trigger equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Meanwhile, although Salley had mental competence issues in the underlying criminal proceedings, he has not argued that his mental illness prevented him from understanding his legal rights and then acting on them. *See Obriecht v. Foster*, 727 F.3d 744, 751 (7th Cir. 2013). In addition, despite Salley's argument to the contrary, the Bureau of Prisons confiscating Salley's legal materials years after his § 2255 motion was due does not amount to the extraordinary circumstances as described in the Seventh Circuit's decision *Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013). Equally important, there is nothing in the record indicating that Salley was pursuing his rights diligently before the February 2007 deadline. Therefore, Salley has not established equitable tolling.

Last, the Court considered Sally's arguments made in his March 2022 motion for summary when making its timeliness and tolling determinations discussed above. As to Sally's arguments about the United States Treasury withholding his funds, the Court addressed this argument on February 17, 2022 in his criminal proceeding. Specifically, the Court denied Salley's motion for the government to return the funds because his balance due on his U.S. Department of Justice Administrative Offset Notice as of February 13, 2019, was $5,318,416.64, which includes $3,493,283.30 of restitution he owes from his February 2006 criminal judgment. This $3,493,283.30 debt accrues at 4.7%, which equals $407.70 of interest a day. As such, the amount of $5,318,416.64

includes the interest Sally owes to the government. Sally's request for the return of his funds is therefore unavailing.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. Under this standard, Salley must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Salley has not demonstrated that reasonable jurists would disagree as to the Court's timeliness ruling. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

The Court dismisses petitioner's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 as untimely [1, 8] and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court also denies petitioner's motion for summary judgment [10].

**IT IS SO ORDERED.**

Date: 4/18/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5